IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.

BROOKE BREEN,

    Plaintiff,

v.

LEE HEALTH SYSTEM, INC.,
a Florida Not for Profit Corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, BROOKE BREEN [BREEN], by and through undersigned counsel and hereby files this Complaint against Defendant, LEE HEALTH SYSTEM, INC. [LEE HEALTH], a Florida Not for Profit Corporation and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees as well as retaliatory discharge following the Plaintiff's concerted efforts to speak out and urge defendants to change their pay practices.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 ("FLSA"), for unpaid overtime.

3. This is also an action for breach of contract resulting in wages owed based on unlawful deductions.

4. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

5. This court has supplemental jurisdiction over the wages owed and breach of contract claims.

6. Plaintiff is a resident of Lee County, Florida.

7. Defendant has a principal address at 4211 Metro Parkway, Fort Myers, Florida 33916.

8. This cause of action arose in Lee County in that the majority of the Plaintiff's employment was spent in Lee County and that was her primary place of employment.

9. Lee County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Lee County, Florida.

10. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

11. Defendant failed to pay Plaintiff her agreed upon wage by making unlawful deductions.

12. Defendant's annual gross sales volume exceeds $500,000.00 per annum.

13. Defendant at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

14. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

15. Plaintiff began working with Defendant on August 26, 2022.

16. During her employment, Plaintiff has held several positions including Customer Service Representative, ER Financial Counselor, Lead Patient Financial Representative.

17. Plaintiff was paid hourly and otherwise a non-exempt employee.

18. During her employment the Defendant made deductions from her hourly pay.

19. Defendant unlawfully deducted for her lunch hour in violation of 29 CFR § 785.19 which states:

> Bona fide meal periods are not worktime…The employee must be completely relieved from duty for the purposes of eating regular meals…The employee is not relief if he is required to perform any duties, whether active or inactive, while eating.

20. Defendant did not afford a rest and uninterrupted time for Plaintiff's lunch and often worked through her breaks.

21. Defendants never paid overtime wages for hours Plaintiff worked over forty hours per week.

22. Defendant's lunch hour deduction violates §785.18 and §785.19.

23. Plaintiff is owed overtime payments and wages unlawfully withheld through lunch deductions.

    a. Plaintiff has calculated her damages for unpaid overtime and wages owed based on available records from April 13, 2024 to July 12, 2025, during which time she is owed $1,990.35. See Damage Calculations attached hereto as Exhibit 1.

24. Defendant failed to pay Plaintiff the wages as required under state law and overtime under federal law.

25. Plaintiff is a non-exempt employee under the FLSA.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

26. Plaintiff incorporates by reference the allegations in paragraphs one through 25 of this Complaint as set forth fully herein.

27. Plaintiff was a covered, non-exempt employee and was entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

28. Plaintiff worked in excess of forty (40) hours for several of her work weeks.

29. Plaintiff worked in excess of forty (40) hours per week without being

compensated for all overtime benefits by the Defendant.

30. Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

31. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

32. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period and liquidated damages.

33. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

34. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

35. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory

damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT – WAGES OWED

36. Plaintiff incorporates by reference the allegations in paragraphs one through 21 of this Complaint as set forth fully herein.

37. Plaintiff had an agreed upon hourly wage with the Defendant during her employment.

38. Notwithstanding this agreement, Defendant made deductions to her pay without her agreement or authorization.

39. Defendant's deduction constitute a breach of contract and result in wages owed to Plaintiff at her regular rate of pay.

40. This claim is separate from the overtime resulting from the deductions.

41. As a direct and proximate result of the Defendant's action, the Plaintiff is owed wages .

42. As a direct and proximate result of this conduct, Plaintiff obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to Fla. Stat. Section 448.08

43. As a direct and proximate result of the Defendant's action, the Plaintiff has suffered damages.

44. As a result of Defendant's conduct, Plaintiff is entitled to payment of her wages, interest, attorney's fees and other penalties

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: That Plaintiff be awarded back wages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs of suit; and that Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 6th day of August 2025.

> SCOTT LAW TEAM, LLC
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 205
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar Number 135331
> Primary e-mail: cscott@scottlawteam.com
> Secondary e-mail: mail@scottlawteam.com
> www.ScottLaw Team.com